1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 MEL M. MARIN, | ) | Civil No.11cv1610 AJB (JMA) |
| 12 | ) ) | **Order Dismissing Complaint for Failure** |
| Plaintiff, | ) | **to State a Claim and Lack of Standing** |
| 13 | ) | **and Denying as Moot Motion to Direct** |
| 14 v. | ) ) | **Marshal to Serve** |
| 15 | ) ) | [Doc. Nos. 1 and 14] |
| ESCONDIDO CARE, *et al*, | ) | |
| 16 Defendants. | ) ) | |
| 17 | | |

18   On July 21, 2011, the Plaintiff, Mel M. Marin, a non prisoner proceeding *pro se*, filed a
19 complaint against approximately twenty-four Defendants. In the instant Complaint, the Plaintiff alleges
20 causes of action for conversion, fraud and deceit, intentional infliction of emotional distress, assault and
21 battery, personal injury, deceptive trade practices, financial abuse, false representation, breach of
22 fiduciary duty, violation of the civil rights act and wrongful death. The Plaintiff also filed a motion to
23 proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and Local Civil Rule 3.2(a). On Septem-
24 ber 29, 2011, this Court denied Plaintiff's motion to proceed in forma pauperis because his motion failed
25 to state an inability to pay costs or give security with particularity, definiteness, and certainty. Plaintiff
26 was granted 30 days leave to pay the $350.00 filing fee or to submit additional documentation regarding
27 his economic status. On October 6, 2011, Plaintiff submitted additional documentation regarding his
28

economic status and the Court granted his motion to proceed in forma pauperis on December 12, 2011. On May 21, 2012, Plaintiff filed a motion to direct Marshal to serve.

### *Discussion*

A court may dismiss, sua sponte, the case at any time if it determines the plaintiff failed to state a claim on which relief may be granted pursuant to § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* A court will deny any motion that fails to present a legal and factual basis. *Id.*

## I.     *Plaintiff's First Cause of Action*

Plaintiff's first cause of action alleges fraud was committed by Defendants, Escondido Care Center, MEK Escondido L.L.C., Edward Keh, Lawrence Keh, Martha Keh, and Donald Wheeler. Plaintiff alleges fraud on behalf of his deceased mother and himself. Plaintiff asks for relief in the amount of $84.8 million dollars from each Defendant on behalf of his deceased mother. Plaintiff also seeks $12 million dollars from each Defendant on his own behalf.

As a preliminary matter, the Court will first address whether Plaintiff has standing to sue on behalf of his deceased mother. Capacity to sue is governed by Federal Rule of Civil Procedure 17(b), which provides that, for an individual acting in a representative capacity, "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b). Under California law, only a decedent's personal representative or successor in interest may bring an action on the decedant's behalf. *See* Cal. Civ. Proc. § 377.30. A person who seeks to commence an action as the decedent's successor in interest must, under California law, file an affidavit or a declaration under penalty of perjury under the laws of California. *See* Cal. Civ. Proc. § 377.32. The affidavit or declaration must state the decedent's name, time and place of death, and must aver that no proceeding is now pending in California for administration of the decedent's estate. *Id.* The affidavit or declaration must also state that the declarant is the decedent's successor in interest and succeeds to the decedent's interest in the action or proceeding and that no other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding. *Id.* A certified copy of the death certificate must be attached to the affidavit. *Id.* "The party seeking to bring a survival

action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998) (quoting *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998)). Here, Plaintiff's complaint fails to address the state law requirements or whether they have been fulfilled in this action. Plaintiff has also failed to include an affidavit or declaration containing any of the statements required by California law or include a certified copy of the death certificate. Accordingly, Plaintiff has no standing to sue on behalf of his deceased mother.

The Plaintiff also asserts claims on his own behalf. Under Federal Rule of Civil Procedure 9(b), allegations of fraud must be plead with particularity. *See* Fed.R.Civ.P. 9(b). Rule 9(b) requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud. . ." *Id.*. Any averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule 9(b). *Id.* "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

In Plaintiff's allegations for fraud against the Defendants he claims that Escondido Care Center "committed deliberate fraud against Mother and Son by telling them Mother would be allowed acupuncture treatments whenever son wanted them, when they knew they would stop allowing that care whenever they felt like it." *Pl. 's Compl.* 23, Doc. No. 1. In his allegations Plaintiff has failed to give the who, what, when, where and how, of the misconduct charged. Plaintiff has failed to state with particularity the circumstances constituting fraud. He fails to state the circumstances surrounding any promises made by Escondido Care Center, who gave him these promises, how the promises were given, when the promises were given, and where the promises were given. Accordingly, this Court finds that Plaintiff lacks standing and fails to state a claim in his first cause of action.

## II.     *Plaintiff's Second and Third Causes of Action*

Plaintiff's second cause of action asserts intentional infliction of emotional distress, personal injury, assault and battery against Escondido Care Center, MEK Escondido, L.L.C., Edward Keh, Lawrence Keh, and Donald Wheeler. *Pl. 's Compl.* 28, Doc. No. 1. Plaintiff's third cause of action asserts financial abuse, deceptive practice against senior citizens, and conspiracy against the same

Defendants. *Id.* at 31. Plaintiff sues on behalf of his mother and asks for $94.8 million in relief from each Defendant for the second cause of action and $9,000 from each Defendant for the third cause of action. *Id.* at 28, 31.

As stated above, the Plaintiff has failed to demonstrate standing to sue on behalf of his deceased mother. Plaintiff's complaint fails to address the state law requirements and include an affidavit containing any of the statements required by California law or a certified copy of the death certificate. Accordingly, this Court finds that Plaintiff has no standing to sue on behalf of his deceased mother.

### III.     *Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action*

Plaintiff's fourth cause of action alleges battery, breach of fiduciary duty and violation of the Civil Rights Act against Defendants: Dr. Raymond Dann and Palomar Hospital on behalf of his deceased mother. *Pl. 's Compl.* 32-33, Doc. No 1. Plaintiff's fifth, sixth, and seventh causes of action assert the tort of conversion against numerous Defendants. *Id.* at 34. Plaintiff seeks relief in the amount of $94.8 million dollars, plus interest, from each Defendant on each cause of action on behalf of his deceased mother. *Id*. As stated above, the Plaintiff has not demonstrated standing under California law to sue on behalf of his deceased mother.

Additionally, Plaintiff also seeks relief in the amount of $12 million dollars from each Defendant on behalf of himself under the fifth, sixth and seventh causes of action for "conversion of son's power to help his mother." *Id*. at 34. Under California law, conversion is the wrongful exercise of dominion over another's personal property in denial of or inconsistent with his rights in the property. *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003). "The elements of conversion are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages." *Id.* Here, Plaintiff claims that by accepting his sister's power of attorney regarding their mother, rather than his own, the Defendants committed conversion. *Pl.'s Compl.* 34, 35, 37, Doc. No. 1. The Plaintiff has failed to explain or provide case law explaining how a power of attorney is a right to possession of property under the elements of conversion. He has also neglected to explain how he was damaged by the acts of Defendants. He simply provides vague conclusions. Therefore, the Court finds that Plaintiff lacks standing regarding causes of action four through seven, and that Plaintiff fails to state a claim regarding causes of action five through seven.

### IV. *Plaintiff's Eighth and Ninth Causes of Action*

Plaintiff's eighth and ninth causes of action allege violation of the Civil Rights Act by numerous Defendants. *Pl. 's Compl.* 38-39, Doc. No 1. Plaintiff claims that his mother's rights were violated when Defendants honored his sister's power of attorney regarding their mother, instead of his own. *Id.* at 21-22. Plaintiff is seeking $94.8 million dollars in relief from each Defendant for each cause of action on behalf of his deceased mother. *Id.* at 38-40. First, Plaintiff fails to explain what specific rights were violated and how they were violated by each Defendant. Second, as explained above Plaintiff lacks standing, under California law, to sue on behalf of his deceased mother unless he is her personal representative or successor in interest. *See* Cal. Civ. Proc. § 377.30. Plaintiff has failed to address the state law requirements and include an affidavit or declaration as required by California law. *Id.* Therefore, the Court find that Plaintiff lacks standing and fails to state a claim in causes of action eight and nine.

### V. *Plaintiff's Tenth Cause of Action*

Plaintiff's tenth cause of action alleges battery and wrongful death by all Defendants incorporated in Plaintiff's Complaint. *Pl. 's Compl.* 40, Doc. No 1. As explained above, Plaintiff does not have standing to sue on behalf of his deceased mother. However, Plaintiff does have standing to bring an action for the wrongful death of his mother. *See* Cal. Civ. Proc. § 377.60. A wrongful act or negligence of another resulting in the death of a person creates a cause of action for wrongful death. *Id.* However, in Plaintiff's Complaint, he fails to state facts supporting his claim that each Defendant of the twenty-four Defendants in this action committed a wrongful or negligent act which resulted in the death of his mother. Plaintiff simply states vague conclusions that each Defendant is liable for his mothers death. *Pl. 's Compl.* 41, Doc. No 1. The Court therefore finds that the Plaintiff's tenth cause of action fails to state a claim.

### *Conclusion*

For the reasons set forth above, the Court finds that Plaintiff has failed to demonstrate he has standing to bring causes of action one through ten on behalf of his deceased mother and in causes of action one, and four through ten, the Plaintiff's complaint fails to state a claim. This Court therefore, **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** and with **LEAVE TO AMEND**. The

1  Plaintiff has thirty (30) days from the date of this Order to file an amended Complaint correcting the
2  deficiencies noted herein. Failure to do so will result in the Court's dismissal of this case. Having
3  dismissed the Complaint, the Court **DENIES AS MOOT** Plaintiff's Motion to Direct Marshal to Serve,
4  [Doc. No. 14].

   IT IS SO ORDERED.

DATED:  May 29, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge