UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL M. MARIN,<br><br>        Plaintiff,<br>v.<br><br>ESCONDIDO CARE CENTER, *et al*,<br><br>        Defendants. | Civil No. 11cv1610 AJB (JMA)<br><br>Order Sua Sponte Dismissing Complaint for Failure to State a Claim, Revoking In Forma Pauperis and Denying Motion to Reconsider Dismissal Order<br><br>[Doc. Nos. 18 and 20] |

    Presently before the Court is the Plaintiff's First Amended Complaint ("FAC"), (Doc. No. 18-1), and the Plaintiff's motion to rehear dismissal order, (Doc. No. 20). For the reasons stated herein, the Court *sua sponte* DISMISSES the Complaint for failure to state a claim and DENIES the Plaintiff's motion to rehear the dismissal order.

### *Procedural Background*

    On July 21, 2011, the Plaintiff, Mel. M. Marin, a non prisoner proceeding *pro se*, filed a complaint against approximately 24 defendants.[1] (Doc. No. 1.) In the Complaint, the Plaintiff alleges that Defendants committed numerous torts including, conversion, fraud and deceit, intentional infliction of emotional distress, assault and battery, personal injury, deceptive trade practices, financial abuse, false representation, breach of fiduciary duty, violation of the civil rights act, and wrongful death. (*Id*.)

---

[1] The Court notes that the Plaintiff filed two additional complaints in the Southern District, within one day of the current complaint's filing. These complaints contain nearly identical claims and Defendants. Both complaints were dismissed. (Case Nos. 11cv1603 & 11cv1609.)

Simultaneously, the Plaintiff filed a Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and Local Rule 3.2(a). (Doc. No. 2.) On September 29, 2011, this Court denied the Plaintiff's Motion to Proceed *in forma pauperis* because his motion failed to state an inability to pay costs or give security with particularity, definiteness, and certainty. (Doc. No. 3.) The Plaintiff thereafter submitted additional information regarding his economic status and this Court granted his Motion to Proceed *in forma pauperis* on December 12, 2011. (Doc. No. 8.) On May 21, 2012, the Plaintiff filed a Motion to Direct Marshal to Serve. (Doc. No. 14.) On May 30, 2012, the Court dismissed the Plaintiff's complaint for failure to state a claim and for lack of standing. (Doc. No. 16.) The Plaintiff was granted 30 days to file an amended complaint correcting the deficiencies. (*Id*. at 7.) On July 3, 2012, the Plaintiff filed his FAC. (Doc. No. 18.) In the FAC, the Plaintiff includes approximately sixty-two Defendants and alleges thirty-four causes of action. (*Id*.) The Plaintiff requests relief in the form of monetary damages against all the Defendants for varying reasons and amounts,[2] for a total of over 6.5 billion dollars in damages.

### ***Legal Standard***

A court may dismiss, sua sponte, a case at any time if it determines the plaintiff failed to state a claim on which relief may be granted pursuant to § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short an plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. (citations and internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. at 678. (citations and internal quotation marks omitted).

///

---

[2] Some of the Plaintiff's damages requests include: 3 million from each Defendant to "assemble a lab and pay for experiments" for the next five years, so the Plaintiff can duplicate his mother's secret medicine which would cure all heart attacks and strokes, (Doc. No. 18-1, at 136-137); alleged defamation by some Defendants against the Plaintiff in California in 2009 make them liable for his losing a 2010 Pennsylvania Congressional Election, and so they must pay the Plaintiff 3.4 million for the loss of a Congressman's salary over twenty years, (*Id*. at 109); and the Plaintiff alleges that he is entitled to 3 million from each Defendant because they conspired to commit fraud against his mother, which forced him to "drop his military career" and avoid employment for 13 years, (*Id*. at 21).

*Discussion*

*I. Unauthorized Practice of Law*

In the Plaintiff's FAC, he maintains that he brings this action on behalf of himself, his deceased mother and deceased father. (Doc. No. 18-1, at 10.) The Plaintiff claims that he has standing to sue on their behalf because they bestowed upon him power of attorney before they died. (*Id*.) However, "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (1987) (citations omitted). "While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself." *Johns v. Cnty of San Diego*, 114 F.3d 874, 876 (1997) (citations and internal quotation marks omitted). The Plaintiff's power of attorney can not correct this deficiency. *Johns*, 818 F.2d at 876. If the Court were to allow the Plaintiff to continue litigating his parents claims *pro se* the Plaintiff would be engaging in the unauthorized practice of law. All claims on behalf of the Plaintiff's deceased mother and father must be dismissed without prejudice. If the Plaintiff wishes to litigate these claims he must retain a licensed attorney to do so.

*II. Failure to State a Claim Upon Which Relief Can be Granted*

Even if the Plaintiff could appear on behalf of his deceased parents, his FAC fails to state a claim upon which relief can be granted. Due to the length of the Plaintiff's FAC,[3] the number of Defendants[4] and causes of action,[5] and in the interest of time and judicial economy, the Court will address the causes of action together. The Plaintiff's allegations are too numerous for this Court to describe and are, at times, incomprehensible. The Plaintiff, in essence, alleges that all 62 Defendants conspired to kill and torture his mother so she could not testify against them for numerous other offences that occurred over the course of ten years. All of the Plaintiff's claims share the same defect. The Plaintiff's allegations are conclusory in nature and lack sufficient factual matter to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short plain statement of the

---

[3] The Plaintiff's FAC, including the Declaration regarding standing, contains 194 pages. (Doc. No. 18.)

[4] There are sixty-two named Defendants in this action.

[5] The Plaintiff included thirty-four separate causes of action in this complaint. Included in the causes of action are approximately sixty-five alleged torts.

claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677. The Plaintiff's FAC is lengthy and contains rambling allegations of the wrongs allegedly done to him, his mother, and his father over the past 10 years by the sixty-two named Defendants. The Plaintiff attempts to remedy the defects in his complaint by including allegations tailored to the elements of the various causes of action. However, these allegations simply offer conclusory labels in a formulaic recitation of the elements of the causes of action. This is not enough to remedy the defects in the Plaintiff's complaint. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). The Plaintiff simply gives general conclusions that the Defendants have harmed him and he is entitled to relief and that the Defendants conspired to commit these wrongs against him, and are therefore liable for each other's actions. However, the Plaintiff fails to explain this alleged conspiracy. He merely gives the general conclusion that all sixty-two Defendants conspired to kill his mother to stop her from testifying in numerous alleged court cases and they are therefore all liable. Based upon the foregoing, the Court finds the conclusory nature of the Plaintiff's claims fail to provide sufficient factual support to state a claim upon which relief can be granted.

The Court further notes that the Plaintiff has an extensive history of litigation. This history includes the Plaintiff's habit of abusing the courts and the legal system to file numerous frivolous claims.[6]

---

[6] <u>United States Supreme Court</u>: *Marin v. Supreme Court of Ohio*, 526 U.S. 1123 (1999) (denying certiorari), *In re Marin*, 503 U.S. 905 (1992) (denying certiorari), *Marin v. Tilton and Solot*, 173 L.Ed.2d 684 (2009) (denying certiorari).
<u>Ninth Circuit</u>: *Marin v. Gary's Towing*, 125 Fed. Appx. 160 (9th Cir. 2005) (Marin sued when the Defendants towed his car, the Ninth Circuit held that the District Court's ruling of summary judgment against Marin was proper), *In re Marinkovic*, 234 Fed. Appx. 567 (9th Cir. 2007) (holding that Marin's contentions lacked merit), *Marin v. Shaw*, 321 Fed. Appx. 635 (9th Cir. 2009) (holding that Marin's complaint contained no facts to support the elements of his claims), *Marin v. State of Arizona*, 246 F.3d 674 (9th Cir. 2000) (holding that Marin's complaint, which alleged that Arizona's application for admission to the bar violates the constitution, was not "ripe" since Marin had never applied for application to the bar), *Marin v. Tarr*, 83 Fed. Appx. 946 (9th Cir. 2003) (holding that Marin's contentions lacked merit and his litigation activities were numerous and abusive), *Marin v. American Self-Storage*, 2007 WL 4287832 (9th Cir. 2007) (denying in forma pauperis and noting that this case will be "the 22nd case filed in this [c]ourt related to a bankruptcy proceeding which he has tried on numerous occasions and in numerous ways to challenge" and warns Marin that a prefiling order may be warranted), *In re Marinkovic*, 234 Fed. Appx. 601 (9th Cir. 2007) (denying Marin's motion to set aside judgment), *Marin v. Hahn*, 271 Fed. Appx. 578 (9th Cir. 2008) (affirming the district court's denial of *in forma pauperis* for failure to verify poverty), *Marin v. LaSalle Nat. Bank, N.A.*, 37 Fed. Appx. 314 (9th Cir. 2002) (affirming the district court's order granting summary judgment against Marin because he was not a party to the contract under which he sought redress), *In re Marinkovic*, 350 Fed. Appx. 156 (9th Cir. 2009) (affirming the bankruptcy court's order denying Marin's motion for leave to sue the bankruptcy trustees), *In re Marinkovic*, 2007 WL 4287833 (9th Cir. 2007) (holding that Marin did not

have a valid lien on the disputed property), *Marin v. California State Bar*, 217 Fed. Appx. 845 (9th Cir. 2000) (affirming the district court's dismissal), *In re Marinkovic*, 182 Fed. Appx. 699 (9th Cir. 2006) (affirming the bankruptcy court's dismissal of Marin's appeal), *Marin v. Pederson*, 46 F.3d 1142 (9th Cir. 1995) (affirmed the municipal court's order dismissing Marin's complaint), *Marin v. Brigham Young Univ.*, 959 F.2d 240 (9th Cir. 1992), cert. denied, 503 U.S. 946 (1992), (affirmed the district court's order dismissing Marin's complaint for failure to serve), *In re Marinkovic*, 2009 WL 1073773 (9th Cir. 2009) (denied Marin's motion to set aside orders), *In re Marinkovic*, 158 Fed. Appx. 885 (9th Cir. 2005) (holding that Marin lacked standing), *In re Marinkovic*, 295 Fed. Appx. 153 (9th Cir. 2008) (holding that Marin lacks standing), *Marin v. Prang*, 2009 WL 2824560 (C.D. Cal. Aug. 31, 2009) (dismissed Marin's complaint for failure to prosecute), *Marin v. Eidgahy*, 2011 WL 176885 (C.D. Cal. Jan. 18, 2011), *Marin v. Shaw*, 2007 WL 173841 (S.D. Cal. Jan. 17, 2011) (granting summary judgment against Marin), *Marin v. Eidgahy*, 2012 WL 928250 (S.D. Cal. Mar. 19, 2012), *Marinkovic, et al v. Scripps Health, et al*, 00cv00244 (S.D. Cal. 2000), *Marin v. Denney*, 92cv01887 (S.D. Cal. 1993), *Marin v. Mazzei*, 11cv1252 (S.D. Cal. 2011), *Marin v. Household Finance*, 01cv00815 (S.D. Cal. 2001), *Marin v. Bank of America Natl.*, 01cv01083 (S.D. Cal. 2001).

Sixth Circuit: *Marin v. Cleveland Clinc*, 2010 WL 359699 (N.D. Ohio Jan. 29, 2010) (dismissing Marin's complaint for failure to state claim), *In re Ares Indus. Inc.*, 187 F.3d 634 (6th Cir. 1999) (affirming the district court's order and noting that Marin has attempted to frustrate the bankruptcy process throughout the proceeding), *Marin v. Crawford*, 103 F.3d 130 (6th Cir. 1996) (affirming district court's order dismissing Marin's claim)

Fifth Circuit: *Marin v. Armstrong*, 1998 WL 1765716 (N.D. Tex. Sept. 21, 1998)

Fourth Circuit: *Marin v. Maryland Bd. of Law Exam'rs*, 162 F.3d 1155 (4th Cir. 1998), cert. denied, 525 U.S. 1125 (1999), (affirming the district court's order dismissing Marin's complaint), *Marin v. C.I.R.*, 98 F.3d 1335 (4th Cir 1996) (affirming the district court's order dismissing Marin's complaint for failure to serve).

Second Circuit: *Binghamton Masonic Temple, Inc. v. Bares*, 189 F.3d 460 (2d Cir. 1999) (affirming the district court's order dismissing Marin's complaint and imposing sanctions), *Marin v. City of Utica*, 140 Fed. Appx. 304 (2d Cir. 2005) (affirming the district court's order dismissing Marin's complaint), *In re Happy Trust Three*, 122 Fed. Appx. 527 (2d Cir. 2004) (affirming the district court's dismissal of Marin's bankruptcy appeal), *Marin v. Citibank*, 208 F.3d 203 (2d Cir. 2000), *Marin v. U.S. Postal Serv.*, 2003 WL 22427938 (2d Cir. 2003) (affirmed the district court's dismissal and found Marin's arguments without merit).

District of Columbia: *Marin v. Comm. on Admissions*, 1999 WL 1273458 (D.D.C. Apr. 21, 1999) (denying Marin's motion for reconsideration), *Marin v. Dept. of Health and Human Servs.*, 2011 WL 1770072 (D.D.C. Apr. 6, 2011) (affirming the district court's dismissal of Marin's claims), *Marin v. Regents of Univ. of Cal.*, 132 F.3d 1481 (D.D.C. Sept. 19, 1997) (affirming the district court's dismissal of Marin's claims for failure to provide a current address).

State Courts: *Marin v. Trumbull Cty. Probate Court*, 2012 WL 1593230 (2012-Ohio-2011) (dismissing Marin's complaint because of his status as a vexatious litigator), *Marin v. Sec'y of Com.*, 41 A.3d 913 (Pa. Commw. Ct. 2012) (dismissing Marin's petition for review with prejudice), *In re Dehlkemper*, 605 Pa. 657 (2010), *Marin v. State*, 393 Md. 161 (2006), *Marin v. Kandpal*, 2010 WL 3956043 (affirming dismissal of Marin's claims).

### *III. Request for Summary Judgment*

In the fifth cause of action, the Plaintiff requests that the Court grant summary judgment against Defendants Richter, the Arizona Bank of Trustees, Michael McGrath and the law firm Mesch, Clark, and Magnolia Bearcat. (Doc. No. 18-1, at 36.) The Plaintiff requests that the Court find that "Richter did not speak for Mother because son had the only valid power of attorney or a greater right, and that the purported settlement agreement in the Arizona bankruptcy court did not affect the rights of either Mother or Father or son as to any property." (*Id*.)

Summary judgment requires the trial judge direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby*, INC., 477 U.S. 242, 251 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court finds that the Plaintiff has failed to meet this standard because the Plaintiff has failed to demonstrate he is entitled to judgment as a matter of law and has failed to show that there is no genuine issue of fact.

### *IV. Motion to Rehear Dismissal Order*

The Plaintiff filed a motion, (Doc. No. 20), to rehear dismissal order. The Plaintiff requests that the Court reconsider the sua sponte dismissal, (Doc. No. 16), of his original complaint. (Doc. No. 20, at 1.) The Court finds the Plaintiff's motion to be without merit as the Plaintiff's original complaint was dismissed with leave to amend.

### *V. In Forma Pauperis*

The Court "has the inherent power to reconsider or modify an interlocutory order at any time prior to the entry of judgment." *Murr Plumbing, Inc.*, *v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995). On December 12, 2011 this Court granted the Plaintiff's motion to proceed in forma pauperis. (Doc. No. 8.) However, the Court has determined that it's December 12, 2001 order was in error, because the Court inadvertently overlooked several factors tending to prove that the Plaintiff did not make an adequate showing that he is unable to pay the filing fee. In his affidavit, Plaintiff claims he is currently unemployed, but expects to receive a payment of $85 for temporary work painting a house. (Doc. No. 2, at 2.) Plaintiff also alleges that during the last academic year, he received $660 a month to

attend college, and that he owns a 1995 Dodge Caravan. (*Id*.) Plaintiff claims that he owns a house in Pennsylvania as a trustee for family trust, but that the house has no value. With regard to his current debt obligations, Plaintiff states that he has "plenty," but "do not have those records." (*Id*.) Plaintiff fails to provide the sources of funds for his day-to-day expenses. The Plaintiff does not demonstrate that he lacks the financial resources or assets to pay the costs of commencing this action. The Plaintiff owns his car outright, and he lists a house in Pennsylvania as his property. In light of the forgoing, the Court finds that given the Plaintiff's assets and failure to articulate his financial resources for day-to-day expenses, the Court lacked sufficient basis to grant the Plaintiff in forma pauperis status. As such, the Plaintiff's in forma pauperis status is hereby revoked and the Plaintiff is ordered to file an amended application that sets forth all of the relevant information required or pay the filing fee, should he chose to file an amended complaint.

### *Conclusion*

For the reasons set forth above, the Court finds the Plaintiff fails to state a claim upon which relief can be granted. This Court therefore, **DISMISSES** Plaintiff's FAC *without prejudice*. The Plaintiff's motion to rehear dismissal order is DENIED. Plaintiff has thirty (30) days from the date of this order to file an amended Complaint correcting the deficiencies noted herein and to file an amended in forma pauperis application that sets forth all of the relevant information required or pay the appropriate filing fee. Failure to do so will result in the Court's dismissal of this case.

**IT IS SO ORDERED.**

DATED: August 22, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge