1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10
Mel M. Marin,                          )    Civil No. 11-cv-01610- AJB (JMA)
11                                     )
                 Plaintiff,            )
12                                     )    ORDER GRANTING MOTION
    v.                                 )    TO EXTEND TIME TO AMEND
13                                     )    COMPLAINT.
    ESCONDIDO CARE, et al,             )
14                                     )
                 Defendants.           )    [Doc. No. 23]
15                                     )
                                       )
16  _____   )

17         On September 26, 2012, Plaintiff filed a motion for an extension of time to amend his Second

18  Amended Complaint, ("SAC").  (Doc. No. 23.)  Plaintiff also moved to proceed in forma pauperis

19  ("IFP") pursuant to 28 U.S.C. § 1915(a) and to have his IFP declaration sealed.  (*Id.*)  For the following

20  reasons the Court **GRANTS** Plaintiff's motion for an extension and **DENIES** *without prejudice*

21  Plaintiff's motion to proceed IFP.  Plaintiff has thirty (30) days from the date of this Order, to file his

22  amended Complaint and pay the appropriate filing fee or file his amended complaint with the additional

23  information described below.  The Plaintiff is warned that no further extensions will be granted absent

24  extreme good cause.

25         Whether an order sealing an IFP application should issue, is an exercise of the court's inherent

26  supervisory power.  *Valley Broadcasting Co. v. United States Dist, Court*, 798 F.2d 1289, 1294 (9th Cir.

27  1986).  The Supreme Court has explained that "the decision as to access [to judicial records] is one best

28  left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and

circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978); *United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995) (holding that district court abused its discretion by unsealing record).  An IFP motion is different than other motions in that it involves private and financial information and is strictly between the court and the party requesting IFP status and the information provided regarding the value of the home owned by the Plaintiff, is public record. However, Plaintiff has not provided sufficient information to the Court to support his motion for IFP status.  Plaintiff is ordered to submit a complete IFP application to chambers and the Court will make a determination as to whether it should be sealed.  Because Plaintiff has not met the standard for IFP status, his motion is **DENIED** *without prejudice*.

For the aforementioned reasons, the Court **GRANTS** Plaintiff's motion for a thirty (30) day extension to file an amended Complaint, and **DENIES** *without prejudice* Plaintiff's motion for IFP status and to seal his IFP declaration.

**IT IS SO ORDERED.**

DATED:  October 15, 2012

Hon. Anthony J. Battaglia
U.S. District Judge

11cv01610