UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL M. MARIN,<br><br>         Plaintiff,<br>v.<br><br>ESCONDIDO CARE CENTER, et al.,<br><br>         Defendants. | Civil No. 11cv1610 AJB (JMA)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT FIND PLAINTIFF VEXATIOUS |

On July 21, 2011, the Plaintiff, Mel. M. Marin, proceeding *pro se*, filed a Complaint against approximately 24 defendants.[1] (Doc. No. 1.) In the Complaint, the Plaintiff alleged that Defendants committed numerous torts, including conversion, fraud and deceit, intentional infliction of emotional distress, assault and battery, personal injury, deceptive trade practices, financial abuse, false representation, breach of fiduciary duty, violation of the civil rights act, and wrongful death. (*Id*.) Simultaneously, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and Local Rule 3.2(a). (Doc. No. 2.) On September 29, 2011, this Court denied the Plaintiff's motion to proceed *in forma pauperis* because his motion failed to state an inability to pay costs or give security with particularity, definiteness, and certainty. (Doc. No. 3.) The Plaintiff thereafter submitted additional information regarding his economic status and the Court granted his motion to proceed *in forma pauperis* on December 12, 2011. (Doc. No. 8.) On May 21, 2012, Plaintiff filed a Motion to Direct Marshal to Serve. (Doc. No. 14.) On May 30, 2012, the Court dismissed

---

[1] The Court notes that Plaintiff filed two additional complaints in the Southern District within one day of the current complaint's filing. These complaints contain nearly identical claims and Defendants. Both complaints were dismissed. (Case Nos. 11cv1603 & 11cv1609.)

Plaintiff's Complaint for failure to state a claim and for lack of standing. (Doc. No. 16.) Plaintiff was granted thirty days to file an amended complaint correcting the deficiencies. (*Id*. at 7.) On July 3, 2012, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 18.) In the FAC, Plaintiff includes approximately sixty-two Defendants and alleges thirty-four causes of action. (*Id*.) Plaintiff requests relief in the form of monetary damages against all Defendants for varying reasons and amounts,[2] for a total of over 6.5 billion dollars in damages. On August 23, 2012, the Court *sua sponte* dismissed Plaintiff's Complaint for failure to state a claim, revoked his *in forma pauperis* status, and denied his motion to reconsider dismissal. (Doc. No. 21.) On October 16, 2012, the Court granted Plaintiff's motion to extend time to amend his Complaint. (Doc. No. 25.)

## *Legal Standard*

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter prefiling orders against vexatious litigants. *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th Cir. 1999). A district court may enter a prefiling order barring a litigant from commencing any new actions without first obtaining permission from the court. *See, e.g., O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir. 1990) (requiring pro se inmate deemed a vexatious litigant to show good cause before being permitted to file future actions); *De Long v. Hennessey,* 912 F.2d 1144, 1146-47 (9th Cir. 1990) (prohibiting filings of pro se litigant proceeding IFP without leave of the district court); *Moy v. United States,* 906 F.2d 467, 469 (9th Cir. 1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court). However, such prefiling orders are an extreme remedy that should rarely be used. *De Long,* 912 F.2d at 1147. Courts should not enter prefiling orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004); *Moy,* 906 F.2d at 470; *see also Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 429 (1982) (noting that the Supreme Court traditionally has held

---

[2] Some of Plaintiff's damages requests include: 3 million from each Defendant to "assemble a lab and pay for experiments" for the next five years, so the Plaintiff can duplicate his mother's secret medicine which would cure all heart attacks and strokes, (Doc. No. 18-1, at 136-137); alleged defamation by some Defendants against the Plaintiff in California in 2009 make them liable for his losing a 2010 Pennsylvania Congressional Election, and so they must pay the Plaintiff 3.4 million for the loss of a Congressman's salary over twenty years, (*Id*. at 109); and the Plaintiff alleges that he is entitled to 3 million from each Defendant because they conspired to commit fraud against his mother, which forced him to "drop his military career" and avoid employment for 13 years, (*Id*. at 21).

that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 at 698 (3d ed. 2004).

Nevertheless, flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *De Long,* 912 F.2d at 1148; *see O'Loughlin,* 920 F.2d at 618. Thus, in *De Long,* the Ninth Circuit outlined four factors for district courts to examine before entering prefiling orders. First, the litigant must be given notice and a chance to be heard before the order is entered. *De Long,* 912 F.2d at 1147. Second, the district court must compile an adequate record for review. *Id.* at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id.* An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. *See In re Martin-Trigona,* 737 F.2d 1254, 1270-74 (2d Cir. 1984). At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive. *See, e.g. Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523, 1526 (35 related complaints filed); *In re Oliver,* 682 F.2d 443, 444 (3d Cir. 1982) (over 50 frivolous cases filed); *In re Green,* 669 F.2d 779, 781 (D.C. Cir. 1981) (per curiam) (over 600 complaints filed). Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered. *De Long,* 912 F.2d at 1147.

## *Discussion*

### I. Notice

Pursuant to the *De Long* factors, Plaintiff must be given notice and a chance to be heard before the order is entered. The order to show cause in the instant action provides Plaintiff with notice of a possible prefiling order if he cannot show cause why he should not be deemed a vexatious litigant.

### II. Adequate Record of Misconduct

The Court must also compile an adequate record for review, listing all the cases and motions that lead the Court to conclude that a vexatious litigant order is needed. *De Long,* 912 F.2d at 1148. Plaintiff's Second Amended Complaint ("SAC") contains 171 pages, names fifty-seven Defendants, and includes thirty-four separate causes of action containing sixty-five alleged torts. (Doc. No. 29.) In

addition to Plaintiff's numerous allegations in his FAC, which the Court found to be conclusory in nature and lack sufficient factual matter to state a claim upon which relief can be granted, Plaintiff has an extensive history of frivolous litigation relating to the death of his mother.[3]

---

[3] <u>United States Supreme Court</u>: *Marin v. Supreme Court of Ohio*, 526 U.S. 1123 (1999) (denying certiorari), *In re Marin*, 503 U.S. 905 (1992) (denying certiorari), *Marin v. Tilton and Solot*, 173 L.Ed.2d 684 (2009) (denying certiorari).
   <u>Ninth Circuit</u>: *Marin v. Gary's Towing*, 125 Fed. Appx. 160 (9th Cir. 2005) (Marin sued when the Defendants towed his car, the Ninth Circuit held that the District Court's ruling of summary judgment against Marin was proper), *In re Marinkovic*, 234 Fed. Appx. 567 (9th Cir. 2007) (holding that Marin's contentions lacked merit), *Marin v. Shaw*, 321 Fed. Appx. 635 (9th Cir. 2009) (holding that Marin's complaint contained no facts to support the elements of his claims), *Marin v. State of Arizona*, 246 F.3d 674 (9th Cir. 2000) (holding that Marin's complaint, which alleged that Arizona's application for admission to the bar violates the constitution, was not "ripe" since Marin had never applied for application to the bar), *Marin v. Tarr*, 83 Fed. Appx. 946 (9th Cir. 2003) (holding that Marin's contentions lacked merit and his litigation activities were numerous and abusive), *Marin v. American Self-Storage*, 2007 WL 4287832 (9th Cir. 2007) (denying in forma pauperis and noting that this case will be "the 22nd case filed in this [c]ourt related to a bankruptcy proceeding which he has tried on numerous occasions and in numerous ways to challenge" and warns Marin that a prefiling order may be warranted), *In re Marinkovic*, 234 Fed. Appx. 601 (9th Cir. 2007) (denying Marin's motion to set aside judgment), *Marin v. Hahn*, 271 Fed. Appx. 578 (9th Cir. 2008) (affirming the district court's denial of *in forma pauperis* for failure to verify poverty), *Marin v. LaSalle Nat. Bank, N.A.*, 37 Fed. Appx. 314 (9th Cir. 2002) (affirming the district court's order granting summary judgment against Marin because he was not a party to the contract under which he sought redress), *In re Marinkovic*, 350 Fed. Appx. 156 (9th Cir. 2009) (affirming the bankruptcy court's order denying Marin's motion for leave to sue the bankruptcy trustees), *In re Marinkovic*, 2007 WL 4287833 (9th Cir. 2007) (holding that Marin did not have a valid lien on the disputed property), *Marin v. California State Bar*, 217 Fed. Appx. 845 (9th Cir. 2000) (affirming the district court's dismissal), *In re Marinkovic*, 182 Fed. Appx. 699 (9th Cir. 2006) (affirming the bankruptcy court's dismissal of Marin's appeal), *Marin v. Pederson*, 46 F.3d 1142 (9th Cir. 1995) (affirmed the municipal court's order dismissing Marin's complaint), *Marin v. Brigham Young Univ.*, 959 F.2d 240 (9th Cir. 1992), cert. denied, 503 U.S. 946 (1992), (affirmed the district court's order dismissing Marin's complaint for failure to serve), *In re Marinkovic*, 2009 WL 1073773 (9th Cir. 2009) (denied Marin's motion to set aside orders), *In re Marinkovic*, 158 Fed. Appx. 885 (9th Cir. 2005) (holding that Marin lacked standing), *In re Marinkovic*, 295 Fed. Appx. 153 (9th Cir. 2008) (holding that Marin lacks standing), *Marin v. Prang*, 2009 WL 2824560 (C.D. Cal. Aug. 31, 2009) (dismissed Marin's complaint for failure to prosecute), *Marin v. Eidgahy*, 2011 WL 176885 (C.D. Cal. Jan. 18, 2011), *Marin v. Shaw*, 2007 WL 173841 (S.D. Cal. Jan. 17, 2011) (granting summary judgment against Marin), *Marin v. Eidgahy*, 2012 WL 928250 (S.D. Cal. Mar. 19, 2012), *Marinkovic, et al v. Scripps Health, et al*, 00cv00244 (S.D. Cal. 2000), *Marin v. Denney*, 92cv01887 (S.D. Cal. 1993), *Marin v. Mazzei*, 11cv1252 (S.D. Cal. 2011), *Marin v. Household Finance*, 01cv00815 (S.D. Cal. 2001), *Marin v. Bank of America Natl.*, 01cv01083 (S.D. Cal. 2001).
   <u>Sixth Circuit</u>: *Marin v. Cleveland Clinic*, 2010 WL 359699 (N.D. Ohio Jan. 29, 2010) (dismissing Marin's complaint for failure to state a claim), *In re Ares Indus. Inc.*, 187 F.3d 634 (6th Cir. 1999) (affirming the district court's order and noting that Marin has attempted to frustrate the bankruptcy process throughout the proceeding), *Marin v. Crawford*, 103 F.3d 130 (6th Cir. 1996) (affirming district court's order dismissing Marin's claim)
   <u>Fifth Circuit</u>: *Marin v. Armstrong*, 1998 WL 1765716 (N.D. Tex. Sept. 21, 1998)
   <u>Fourth Circuit</u>: *Marin v. Maryland Bd. of Law Exam'rs*, 162 F.3d 1155 (4th Cir. 1998), cert. denied, 525 U.S. 1125 (1999), (affirming the district court's order dismissing Marin's complaint), *Marin v. C.I.R.*, 98 F.3d 1335 (4th Cir. 1996) (affirming the district court's order dismissing Marin's complaint for failure to serve).
   <u>Second Circuit</u>: *Binghamton Masonic Temple, Inc. v. Bares*, 189 F.3d 460 (2d Cir. 1999)

### III.     *Substantive Findings of Frivolousness*

In assessing the frivolous nature of the litigant's actions, the Court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *De Long,* 812 F.2d at 1148. The Plaintiff has a history of filing meritless claims. Plaintiff's instant action fails to state a claim upon which relief can be granted. The Plaintiff's allegations are too numerous for this Court to describe and are, at times, incomprehensible. The Plaintiff, in essence, alleges that all sixty-two Defendants conspired to kill and torture his mother so she could not testify against them for numerous other offenses that occurred over the course of ten years. All Plaintiff's claims share the same defect. Plaintiff's allegations are conclusory in nature and lack sufficient factual matter to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 677. Plaintiff's SAC is lengthy and contains rambling allegations of wrongs allegedly done to him, his mother, and his father over the past ten years. Plaintiff makes general conclusions that all Defendants conspired to kill his mother to stop her from testifying in numerous alleged court cases. The conclusory nature of Plaintiff's claims fail to provide sufficient factual support to state a claim upon which relief can be

---

(affirming the district court's order dismissing Marin's complaint and imposing sanctions), *Marin v. City of Utica*, 140 Fed. Appx. 304 (2d Cir. 2005) (affirming the district court's order dismissing Marin's complaint), *In re Happy Trust Three*, 122 Fed. Appx. 527 (2d Cir. 2004) (affirming the district court's dismissal of Marin's bankruptcy appeal), *Marin v. Citibank*, 208 F.3d 203 (2d Cir. 2000), *Marin v. U.S. Postal Serv.*, 2003 WL 22427938 (2d Cir. 2003) (affirmed the district court's dismissal and found Marin's arguments without merit).
    District of Columbia: *Marin v. Comm. on Admissions*, 1999 WL 1273458 (D.D.C. Apr. 21, 1999) (denying Marin's motion for reconsideration), *Marin v. Dept. of Health and Human Servs.*, 2011 WL 1770072 (D.D.C. Apr. 6, 2011) (affirming the district court's dismissal of Marin's claims), *Marin v. Regents of Univ. of Cal.*, 132 F.3d 1481 (D.D.C. Sept. 19, 1997) (affirming the district court's dismissal of Marin's claims for failure to provide a current address).
    State Courts: *Marin v. Trumbull Cty. Probate Court*, 2012 WL 1593230 (2012-Ohio-2011) (dismissing Marin's complaint because of his status as a vexatious litigator), *Marin v. Sec'y of Com.*, 41 A.3d 913 (Pa. Commw. Ct. 2012) (dismissing Marin's petition for review with prejudice), *In re Dehlkemper*, 605 Pa. 657 (2010), *Marin v. State*, 393 Md. 161 (2006), *Marin v. Kandpal*, 2010 WL 3956043 (affirming dismissal of Marin's claims).

granted. Additionally, Plaintiff has been warned by the Ninth Circuit for his repetitive and meritless filings and has also been deemed vexatious in other jurisdictions.[4]

IV.     **Order Narrowly Tailored to the Specific Vice Encountered**

Plaintiff has an extensive history of litigation across a wide range of circuits. The prefiling order will enjoin Plaintiff from refiling the following in this Court without first obtaining permission: any claims already set forth in this action in his previous complaints relating to Plaintiff's mother, including claims of nursing home imprisonment and torture, nursing home retaliatory assault, kidnapping, conspiracy, and wrongful death.

### *Conclusion*

Based upon the foregoing, the Court hereby **ORDERS** the Plaintiff to file a response in writing by **November 26, 2012** and SHOW CAUSE why the Court should not deem him a vexatious litigant.

IT IS SO ORDERED.

DATED: November 7, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[4] *See Marin v. American Self-Storage,* 2007 WL 4287832 (9th Cir. 2007) (denying in forma pauperis and noting that this case will be "the 22nd case filed in this [c]ourt related to a bankruptcy proceeding which he has tried on numerous occasions and in numerous ways to challenge" and warns Marin that a prefiling order may be warranted); *see also Marin v. Trumbull Cty. Probate Court,* 2012 WL 1593230 (2012-Ohio-2011) (dismissing Marin's complaint because of his status as a vexatious litigator).